IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH D. WOOD,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS COUNTY JAIL, MICHAEL MYERS, VEGA, Correctional Officer; UNKNOWN SEARGENT, UNKNOWN NURSE, UNKNOWN NURSE, UNKNOWN CORRECTIONAL OFFICER, and UNKNOWN MENTAL HEALTH PROVIDER,<br><br>Defendants. | 8:22CV397<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's Motion to Proceed in Forma Pauperis ("IFP"), Filing No. 13, Plaintiff's Motion to Appoint Counsel, Filing No. 4 and his Motion for Summons, Filing No. 11. For the reasons set forth below, all motions shall be denied.

**I. Motion to Proceed IFP**

On January 17, 2023, Plaintiff filed his IFP motion. Filing No. 13. The Court has also received a certified copy of Plaintiff's trust account information in support of Plaintiff's Motion to Proceed IFP. Filing No. 14. However, prior to the filing of his IFP motion, Plaintiff paid the filing fee in full on January 3, 2023. *See* Docket Sheet. Accordingly, the IFP motion shall be denied as moot.

## II. Motion to Appoint Counsel

Plaintiff seeks appointment of counsel arguing that appointment is appropriate as he has been unable to secure private counsel, that due to his incarceration he has limited access to the law library and limited knowledge of the law which will "greatly limit his ability to litigate [as] [t]he issues involved in [the] case are complex and will require significant research and investigation," and as counsel would enable Plaintiff to present evidence and cross examine witnesses at trial. Filing No. 4. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, No. 20-2560, 2021 WL 2285235, at *1 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. As such, the motion for appointment of counsel shall be denied without prejudice.

## III. Motion for Summons

The Court is required to conduct an initial review of a complaint where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity to determine whether summary dismissal is appropriate, and must dismiss a complaint or

2

any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(a)-(b). However, the Court does not issue summonses in such cases until after reviewing the complaint for frivolousness and other defects under § 1915A(b). See Stanko v. Sheridan Cnty., No. 8:20CV294, 2020 WL 5653499, at *2 (D. Neb. Sept. 23, 2020) (citing Jackson v. Herrington, 393 F. App'x 348, 353 (6th Cir. 2010)).

As the Court has not yet conducted an initial review of Plaintiff's Complaint this matter may not proceed to service of process unless so ordered by the Court after conducting an initial review. Accordingly, Plaintiff's motion for summons, Filing No. 11, is denied without prejudice as premature.

### IV. Conclusion

Accordingly, **IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion to Proceed in Forma Pauperis, Filing No. 13, is denied as moot; and

2. Plaintiff's motion to appoint counsel, Filing No. 4, and Motion for Summons, Filing No. 11, are **DENIED** without prejudice to reassertion.

Dated this 23rd day of January, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court