IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSEPH D. WOOD,

Plaintiff,

vs.

DOUGLAS COUNTY JAIL, MICHAEL MYERS, VEGA, Correctional Officer; UNKNOWN SEARGENT, UNKNOWN NURSE, UNKNOWN NURSE, UNKNOWN CORRECTIONAL OFFICER, and UNKNOWN MENTAL HEALTH PROVIDER,

Defendants.

8:22CV397

MEMORANDUM AND ORDER

Plaintiff Joseph D. Wood filed a pro se Complaint on November 16, 2022, Filing No. 1. Plaintiff paid the full filing fee of $402.00 on January 3, 2023. The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915A(a), and, for the reasons set forth below, finds that it is, but that in lieu of dismissal, the Court sua sponte grants Plaintiff leave to amend.

**I. SUMMARY OF COMPLAINT**

The subject matter of this case arises from Plaintiff's allegations of violations of "[s]afety, happiness, mental health, [and] cruel and unusual punishment" against the Douglas County Jail, and the following employees of the Douglas County Jail: Director of Corrections Michael Myers, Correctional Officer Vega, "Unknown Seargent," two

"Unknown Nurse[s]," "Unknown Correctional Officer," and "Unknown Mental Health Provider." Filing No. 1 at 2–4, 12.

The totality of support for his Complaint is provided in the following narrative:

The Jail allowed a correctional officer to order that quarantined individuals serve trays. I may have gotten covid 19 but wasn't tested. I was going through a lot and mental health mocked me instead of helping. I was left in very bloody clothes and they lost my things after a fight.

. . . .

I had quarantined inmates serve my trays August 20th 2021 and may have contracted covid 19 but was not tested despite my request. Mental Health personnel made fun of me instead of helping. I was forced to stay in bloody clothes for 24 hrs.

. . . .

I requested a covid test and didn't receive it. I may have had covid 19.
I didn't receive proper or timely medical attention.
They jeopardized my life.
I was subjected to cruel and unusual punishment being left in bloody clothes.
Mental Anguish.

Id. at 4–5. Plaintiff seeks $850,000 in punitive damages for putting his life in jeopardy, $850,000 for not testing him for COVID-19 despite his request, $100,000 for mental anguish, and $100,000 for leaving him in bloody clothes. Id. at 5. He seeks any punitive damages awarded "jointly and separately from all defendants in each situation." Id.

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or

malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Plaintiff names Director of Corrections Michael Myers, Correctional Officer Vega, "Unknown Seargent," two "Unknown Nurse[s]," "Unknown Correctional Officer," and "Unknown Mental Health Provider" as defendants (the "Employee Defendants"), in their official and individual capacities but the Complaint is lacking key information such as the Employee Defendants' involvement in the claims alleged.  For example, while Plaintiff's Complaint contains an allegation that Plaintiff requested COVID-19 testing and that his requests were "mocked" and ignored, *see e.g.* Filing No. 1 at 4, the Court is unable to ascertain any connection between that allegation and what defendant or defendants were involved, nor can it be determined how or when the alleged incident took place, or any detail of the resulting harm.  Put another way, the Court is unable to determine which of the named defendants were involved in any of Plaintiff's claims because Plaintiff does not connect the alleged violations with specific defendants, whether Plaintiff knows their names or not.

Therefore, as pleaded, Plaintiff's Complaint fails to state a plausible claim for relief against Director of Corrections Michael Myers, Correctional Officer Vega, "Unknown Seargent," two "Unknown Nurse[s]," "Unknown Correctional Officer," and "Unknown Mental Health Provider."  This deficiency alone would allow the Court to dismiss all claims against Director of Corrections Michael Myers, Correctional Officer Vega, "Unknown Seargent," two "Unknown Nurse[s]," "Unknown Correctional Officer," and "Unknown Mental Health Provider."  See *Krych v. Hvass,* 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).  However,

even if Plaintiff had connected his claims to individual defendants, his Complaint has other deficiencies.

Unlike the named defendants previously discussed, Plaintiff's Complaint does contain a single allegation the Court construes as being made against the Douglas County Jail: "The Jail allowed a correctional officer to order that quarantined individuals serve trays." Filing No. 1 at 4. However, "county jails are not legal entities amenable to suit." *Richmond v. Minnesota*, No. CIV. 14-3566 PJS/JSM, 2014 WL 5464814, at *3 (D. Minn. Oct. 27, 2014) (citing *Owens v. Scott Cnty. Jail,* 328 F.3d 1026, 1027 (8th Cir.2003) (per curiam)). Therefore, Plaintiff's claims against Douglas County Jail cannot proceed and shall be dismissed with prejudice.

Finally, Plaintiff alleges only mental anguish but no physical injuries in his description of injuries contained in the Complaint. Filing No. 1 at 5. 42 U.S.C.A. § 1997(e) forbids recovery by incarcerated persons "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." As such, to the extent Plaintiff alleges only mental anguish resulting from the allegedly violative acts, and he seeks only money damages as relief, but alleges no physical injury or the commission of a sexual act, his claims against all defendants are barred under § 1997(e).

### III. CONCLUSION

For the reasons set forth herein, Plaintiff's Complaint fails to state a claim upon which relief may be granted against any named Defendant and is subject to preservice dismissal under 28 U.S.C. § 1915A. While the Court shall dismiss defendant Douglas County Jail from the proceeding, on the Court's own motion, Plaintiff will be given 30 days

in which to file an amended complaint that states a plausible claim for relief against any or all of the remaining Defendants and clearly explains what each Defendant did to him, when Defendants did it, and how Defendants' actions harmed him. Plaintiff is advised that any amended complaint he files will supersede his original Complaint.

IT IS THEREFORE ORDERED that:

1. All claims against defendant Douglas County Jail are dismissed with prejudice. The Clerk of Court is directed to terminate Douglas County Jail as a party in this case.

2. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim or claims upon which relief may be granted against any or all remaining named Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A in the event he files an amended complaint.

4. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **June 20, 2023:** Check for amended complaint.

Dated this 18th day of May, 2023.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Court

6